United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DESOTO CAB COMPANY,

Plaintiff,

v.

TEXAS INSURANCE COMPANY, et al.,

Defendants.

Case No. 26-cv-02879-LB

**DISCOVERY ORDER**

Re: ECF No. 72

## INTRODUCTION

In this insurance bad-faith case, plaintiff Desoto Cab Company sued its liability insurers, Onyx Insurance Company, Inc., a risk retention group, and Onyx's successor, Texas Insurance Company (TIC), for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent concealment.[1] The parties have a discovery dispute about whether the court should enter a protective order. The defendants ask the court to enter this district's Model Stipulated Protective Order for standard litigation.[2] They contend that a protective order is necessary because Desoto's written discovery seeks confidential and commercially sensitive information, including

[1] First Am. Compl. (FAC) – ECF No. 25 at 10–24 (¶¶ 43–67). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] N.D. Cal. Model Stipulated Protective Order (for standard litigation), https://cand.uscourts.gov/sites/default/files/documents/CAND_StandardProtOrd.Feb2022_0.pdf.

United States District Court
Northern District of California

the insurers' claims-handling and underwriting processes and the monetary terms of their settlement with nonparty Carissa Copeland.[3]

Desoto opposes the entry of any protective order. It contends that (1) the defendants have not shown good cause, (2) Desoto already possesses documents about the defendants' handling of the underlying *Copeland* suit, (3) the defendants have produced documents in a parallel malpractice action without a protective order, (4) a protective order would impede the parties' use of information about the defendants' procedures in this litigation, and (5) Desoto and its counsel are unwilling to risk liability under trade-secret law.[4]

The court grants the defendants' request. They have established good cause for a protective order: discovery in this case will require disclosure of their nonpublic, commercially sensitive business information, including their claims-handling and underwriting processes, and Desoto has propounded written discovery seeking the confidential terms of the defendants' settlement with Ms. Copeland. Within seven days of this order, the parties must file a copy of the model protective order, signed and dated by counsel and with the blanks filled in. The court will then enter the protective order.

## STATEMENT

The statement recounts only what bears on the discovery dispute.

The claims in this case arise from Desoto's $1 million business-auto policy that Onyx issued and TIC later assumed, a roughly $10.9 million judgment against Desoto in a personal-injury suit brought by Ms. Copeland, and the insurers' handling of that claim, including their refusal to pay the unpaid balance of the judgment.[5]

On September 1, 2026, the parties attended a global mediation. The defendants settled Ms. Copeland's claims. They say that the settlement will result in a satisfaction of the *Copeland*

---

[3] Disc. Letter Br. – ECF No. 72 at 3.

[4] *Id.* at 1–2.

[5] *See* Am. Order – ECF No. 61 at 1–5 (summarizing the allegations); FAC – ECF No. 25 at 6 (¶ 22).

judgment and dismissal of that action. Desoto's claims against the defendants did not settle.[6] The defendants have not shared the terms of the settlement with Desoto.[7]

Desoto then propounded written discovery. It served its first set of interrogatories on September 11. Some asked for the monetary terms of the *Copeland* settlement.[8] It served its first set of requests for production on October 9. The requests seek documents that, the defendants contend, reflect TIC's internal processes, including (1) the complete underwriting file, (2) claims manuals, (3) other manuals about company policies and procedures, (4) legal opinions, (5) reserves, (6) deliberations and reasoning for any decision regarding the claim, (7) claims assessments, (8) attorney–client communications related to an advice-of-counsel defense, (9) analysis of claims, and (10) mediation briefs.[9] The defendants assert that the information in these documents is not publicly available and that TIC would be harmed if competitors or customers had access to it.[10]

On October 2, the defendants asked Desoto to agree to the entry of the model protective order. Desoto refused and said that it would not agree to any protective order. The defendants answered the interrogatories but did not disclose the monetary terms of the *Copeland* settlement.[11] They represent that they will provide further information about the settlement terms once they "can ensure that appropriate measures are taken to protect the settlement's confidentiality."[12] Their responses to the requests for production are not yet due, but they have said that they will not produce documents reflecting TIC's confidential business information without a protective order.[13]

---

[6] Disc. Letter Br. – ECF No. 72 at 2; Silver Decl. – ECF No. 72-2 at 2 (¶¶ 2–3); Cohen Decl. – ECF No. 72-1 at 2 (¶¶ 2–3).

[7] Disc. Letter Br. – ECF No. 72 at 1.

[8] *Id.* at 2–3; Cohen Decl. – ECF No. 72-1 at 2 (¶ 4).

[9] Cohen Decl. – ECF No. 72-1 at 3 (¶ 6); RFPs, Exs. A & B to Cohen Decl. – ECF No. 72-1 at 5–32.

[10] Silver Decl. – ECF No. 72-2 at 2 (¶ 5).

[11] Disc. Letter Br. – ECF No. 72 at 3; Cohen Decl. – ECF No. 72-1 at 2–3 (¶¶ 4–5, 7).

[12] Disc. Letter Br. – ECF No. 72 at 4.

[13] *Id.* at 1–3.

United States District Court
Northern District of California

The parties met and conferred by videoconference on October 21 and 22 but could not resolve the dispute.[14] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[15]

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The party seeking a protective order has the burden of showing that the protection is warranted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Generally, good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004). The court balances the moving party's interest in protection against the broad discovery that Rule 26(b)(1) allows. *See, e.g.*, *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

## ANALYSIS

The issue is whether the defendants have shown good cause for a protective order. They have. Their declarations establish that Desoto's discovery seeks nonpublic, commercially sensitive information — TIC's guidelines, manuals, claims-handling and underwriting processes, and claims analyses — and that TIC would be harmed if competitors or customers had access to that information.[16] Courts routinely enter protective orders for this kind of information in insurance bad-faith cases. *See, e.g.*, *Tong v. State Farm Gen. Ins. Co.*, No. 2:24-cv-02219-DSF-MAR, 2024 WL 5472414, at *4 (C.D. Cal. Dec. 20, 2024) (good cause for a protective order covering an insurer's confidential claims guidelines and training materials); *see also Bernstein v. Travelers*

---

[14] *Id.* at 1; Cohen Decl. – ECF No. 72-1 at 3 (¶ 7).

[15] Consents – ECF Nos. 11, 16. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

[16] Silver Decl. – ECF No. 72-2 at 2 (¶ 5); Cohen Decl. – ECF No. 72-1 at 3 (¶ 6).

United States District Court
Northern District of California

*Ins. Co.*, 447 F. Supp. 2d 1100, 1104 (N.D. Cal. 2006). The *Copeland* settlement independently establishes good cause: its monetary terms are confidential, and "courts have granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *see also Boiling Crab Franchise Co. LLC v. KL Boiling Crawfish Corp.*, No. 2:21-cv-00293-JHC, 2022 WL 1499575, at *7 (W.D. Wash. May 12, 2022) (the interest in maintaining the confidentiality of settlement agreements, "along with a strong public interest in promoting settlements, weighs in favor of a protective order").

Desoto's main argument is that the defendants have not identified trade secrets with particularity or shown that their claimed trade secrets have independent economic value.[17] That premise is wrong. Rule 26(c) is not limited to trade secrets: it protects "a trade secret *or other* confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G) (emphasis added). The defendants base their request on TIC's internal business processes and a confidential settlement agreement, and that showing establishes good cause. *Foltz* does not change the outcome. The insurer there relied on a blanket protective order and did not make a particularized showing of good cause for the specific documents it sought to protect. 331 F.3d at 1130–31. Here, by contrast, the defendants identify the discovery at issue (the ten categories of requested documents and the settlement-terms interrogatories) and the specific confidential information it implicates. Desoto's concern about trade-secret liability also is unfounded: designating information as "confidential" under the model protective order does not make the information a trade secret, and receiving and using material under a court-entered protective order does not expose the receiving party or its counsel to misappropriation liability.

Desoto's other arguments do not change the result. That Desoto already possesses some documents (Onyx's letter declining to pay the judgment and internal correspondence about the refusal to settle) does not negate the confidentiality of other, unproduced documents.[18] Discovery in the separate malpractice case does not preclude a protective order here: Desoto does not identify

[17] Disc. Letter Br. – ECF No. 72 at 1–2.

[18] *Id.* at 1.

any document produced there that the defendants now refuse to produce without protection, and in any event, a party's disclosures in one case do not forfeit protection for different materials in another.[19] The same is true of Mr. Silver's deposition in the malpractice case: declining to answer questions on attorney–client-privilege grounds says nothing about whether the defendants have confidential information to protect here (they do, as their declarations show). Finally, Desoto misunderstands the effect of the order it opposes. A protective order does not preclude discovery or bar the parties from using the defendants' claims-handling information in this litigation. It allows production of that information with appropriate protections, and both parties may use designated material in the case.[20] Nor does the order run against Desoto alone: it applies to both sides equally, and either side may designate its own confidential material.

## CONCLUSION

The court grants the defendants' request for a protective order. Within seven days of this order, the parties must file a copy of the Northern District of California's Model Stipulated Protective Order for standard litigation, signed and dated by counsel and with the blanks filled in. The court will then enter the protective order.

This resolves ECF No. 72.

**IT IS SO ORDERED.**

Dated: November 2, 2026



LAUREL BEELER
United States Magistrate Judge

[19] *Id.*

[20] *Id.* at 2, 4.